No. 2453.

EX PARTE S. L. DAMPIER.

HABEAS CORPUS—COUNTY CONVICTS—STATUTES CONSTRUED.—The act of
May 4, 1882, and that of March 1, 1887, all amendatory of Article 3602 of
the Revised Statutes, which relates exclusively to the *hiring out* of
county convicts, in no manner affect Article 3597 of the Revised Stat-
utes, which has never been repealed nor changed in any respect.  Un-
der the provisions of the last named article, a county convict, against
whom a fine and costs have been adjudged, and who, in default of the
payment of the same, has been put to labor on the county farm, is
entitled to receive a credit against his fine and costs of one dollar per
day for each day that he labors; and, when he has labored on the county
farm a sufficient length of time to satisfy fine and costs, at the rate of
one dollar per day, he is entitled to his discharge.

HABEAS CORPUS on appeal from the County Court of Milam.
Tried below before the Hon. E. Y. Terral, County Judge.

It was shown upon the hearing of the writ in the court below
that, to an information charging him with petit theft, the relator
pleaded guilty, and that a fine of one dollar and costs, and con-
finement for one hour in the county jail was assessed against
him as punishment.  Upon his failure to pay the fine and costs,
which amounted to the sum of thirty-two dollars and ten cents,
the relator, by the order of the court, was placed at labor on the
county farm.  He had labored on that farm for forty days when
he sought his discharge under the writ of habeas corpus.  The
writ was awarded, but, upon the hearing of the same, the trial
judge refused, in default of the payment of the fine and costs, to
discharge the relator. .

*T. S. Henderson*, for the relator.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.  There is but one question presented for
our decision in this case.  It is as follows:  When a county con-
vict has worked on a county farm a sufficient number of days
to discharge the fine and costs adjudged against him, at the rate
of one dollar per day, is he entitled to be discharged from fur-

ther confinement? We are of the opinion that this question must be answered in the affirmative. Article 3597 of the Revised Statutes provides: "When a convict who has been committed to jail, in default of payment of fine and costs, is required to do manual labor, he shall be credited upon such fine and costs at the rate of one dollar for each day he may labor; and upon satisfaction of such fine and costs in full, at said rate, he shall be discharged."

The above quoted article has never been repealed or in any respect changed. It is in no manner affected by the act of May 4, 1882 (17th Leg., called session, p. 16), nor by act of March 1, 1887 (20th Leg., p. 11.) These acts are amendatory of article 3602 of the Revised Statutes, which article and said amendatory acts relate exclusively to the *hiring out* of county convicts, and have no application whatever to the case of a convict who has been required to work upon a county farm or upon the public roads.

In this case, the convict has worked upon the county farm for a sufficient length of time to satisfy in full the amount of the fine and costs adjudged against him, at the rate of one dollar for each day he has labored, and he is entitled to be discharged from further confinement under said conviction.

The judgment of the county judge, refusing to discharge him, is set aside, and it is ordered that A. J. Lewis, sheriff of Milam county, respondent herein, forthwith release and discharge the applicant from further custody and confinement under and by virtue of said conviction, and that said respondent pay the costs of this proceeding.

*Ordered accordingly.*

Opinion delivered January 28, 1888.